

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00176-CR
_____

STANLEY GRIFFIN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 361st District Court
Brazos County, Texas
Trial Court No. 10-05176-CRF-361; Honorable Steve Smith, Presiding

February 14, 2019

## MEMORANDUM OPINION

Before CAMPBELL, PIRTLE, and PARKER, JJ.

Appellant, Stanley Griffin, was convicted of capital murder and the trial court sentenced him to death based on the jury's answers to special issues.[1]  On automatic appeal to the Court of Criminal Appeals, the court concluded the evidence did not support a conviction for capital murder, reversed Appellant's conviction, and remanded the cause

---

[1] TEX. PENAL CODE ANN. § 19.03(a)(2) (West Supp. 2018).  Appellant committed the offense in September 2010 and section 19.03(a) was amended in 2011.  The amendment is not applicable to this case and the law in effect at the time of the offense applies.  *See* Act of May 28, 2011, 82nd Leg., R.S., ch. 1209, §§ 1, 2, 2011 Tex. Gen. Laws 3235, 3236.

to the trial court for reformation of the judgment to reflect a conviction for murder and for a new punishment hearing.[2] After a new punishment hearing, a jury sentenced Appellant to life imprisonment. In presenting this appeal,[3] counsel has filed an *Anders*[4] brief in support of a motion to withdraw. We affirm and grant counsel's motion to withdraw.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record, and in his opinion, it reflects no potentially plausible basis for reversal of Appellant's conviction. *Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of the right to file a *pro se* response if he desired to do so, and (3) informing him of the right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[5] By letter, this court granted Appellant an opportunity to

---

[2] *Griffin v. State*, 491 S.W.3d 771, 777 (Tex. Crim. App. 2016).

[3] Originally appealed to the Tenth Court of Appeals, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013). Should a conflict exist between precedent of the Tenth Court of Appeals and this court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

[4] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[5] Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22, 411 n.35. The duty to send the client a copy of this court's decision is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did not file a response. Neither did the State favor us with a brief.

BACKGROUND

In 2012, Appellant was re-indicted for intentionally causing the death of the victim while in the course of committing or attempting to commit the offense of kidnapping against the victim's then nine-year-old son. The cause of the victim's death was strangulation. The Court of Criminal Appeals found the evidence was insufficient to prove the alleged kidnapping to support capital murder. Citing *Britain v. State*, 412 S.W.3d 518, 521 (Tex. Crim. App. 2013), the Court noted the appropriate action was to strike the unproved aggravating element (kidnapping) and find the accused guilty of the lesser-included offense of murder. *Griffin*, 491 S.W.3d at 776. Relying on *Thornton v. State*, 425 S.W.3d 289, 295-300 (Tex. Crim. App. 2014), the Court reformed the judgment to reflect a conviction for murder under section 19.02(b)(1) of the Texas Penal Code (West 2011).

During the new punishment hearing, the State presented evidence from numerous witnesses. Some of the witnesses included Appellant's former victims, his parole officer, and several guards and correctional officers from a prison unit where Appellant served thirteen years of a twenty-year sentence for burglary of a habitation. In addition to his criminal history, which included offenses similar to the current offense, the witnesses testified to Appellant's violent disposition. While incarcerated, he was disciplined for inappropriate behavior. He also had a conviction for assault on a family member and several convictions for interference with emergency calls attempted by other victims he tried to strangle.

3

Other witnesses testified to the incident that resulted in the death of Appellant's current victim. The victim's son testified that after Appellant left the scene, he called his uncle (the victim's brother), and when he could not reach him, he called his grandmother to report that he and his mother had been attacked. She then called 911 and her son (the victim's brother). He went to the scene and when he heard sirens, he flagged down the officer. The officer entered the house and saw the victim lying on the floor with blood all over her hair and face. He began CPR and enlisted the victim's brother to assist so he could tend to the victim's son.[6]

Other officers and paramedics soon arrived. The victim's son gave officers a description of Appellant and he was then transported to the hospital. Appellant had choked him and stabbed him with a garden trowel in the neck, ear, jaw, back, and shoulder. His injuries required surgery and left him with scars.

The officers searched the perimeter and found a bloody garden trowel with the victim's son's blood on it in a trash can. DNA from the trowel and from Appellant's shoe matched the son's blood.

The medical examiner who performed the autopsy listed the cause of death as strangulation. He testified the victim's injuries were the result of a violent struggle. They were consistent with someone who was fighting for her life. A tremendous amount of pressure had been applied to her neck area which caused her tongue to protrude out of her mouth.

---

[6] When the victim's brother testified, he described the bloody injuries and his attempt to resuscitate his sister.

Appellant presented evidence favorable to him from his mother, sister, a former employer, and a friend. His mother testified that his father, who was an alcoholic, was cruel to him. She also testified that Appellant had tested as mentally challenged when he was in school.

Following presentation of the evidence, the court properly instructed the jury on the range of punishment for murder. No objections were made to the charge. The jury returned a verdict of confinement for life without assessing a fine. No objection was made when the trial court pronounced Appellant's sentence.

APPLICABLE LAW

"Admissibility of evidence during the punishment phase of a non-capital offense is a function of policy rather than relevancy." *Hall v. State*, No. 10-12-00020-CR, 2014 Tex. App. LEXIS 4212, at *11 (Tex. App.—Waco April 17, 2014, no pet.) (mem. op., not designated for publication) (quoting *Muhammad v. State* 46 S.W.3d 493, 498 (Tex. App.—El Paso 2001, no pet.)). Article 37.07, section 3(a)(1) of the Texas Code of Criminal Procedure authorizes the trial court to admit punishment evidence "as to any matter the court deems relevant to sentencing . . . ."

Generally, a sentence within the statutory range of punishment precludes reversal on appeal. *Ex parte Chavez*, 213 S.W.3d 320, 323-24 (Tex. Crim. App. 2006). Appellant was convicted of murder, a first degree felony; TEX. PENAL CODE ANN. § 19.02(c) (West 2011), which carries a range of punishment of life or a term of not more than ninety-nine years or less than five years and a fine not to exceed $10,000. § 12.32(a), (b) (West 2011).

ANALYSIS

By the *Anders* brief, counsel evaluates the retrial of the punishment phase. He concludes there are no arguable grounds for reversal.

We too have independently examined the record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there is no plausible basis for reversal of Appellant's conviction. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

CONCLUSION

The trial court's judgment is affirmed and counsel's motion to withdraw is granted.

Patrick A. Pirtle
Justice

Do not publish.